UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 98-207 |
| TREVOR WILLIAMS | SECTION "H" |

## ORDER AND REASONS

Before the Court is Defendant Trevor Williams's Motion for Compassionate Release (Doc. 1429). For the following reasons, the Motion is DENIED.

## BACKGROUND

Defendant Trevor Williams has 2.5 years left on a 25-year sentence for solicitation to commit murder and for using and carrying a firearm in relation to a drug trafficking crime. He is currently housed at FCI Beckley. Defendant moves this Court for compassionate release in light of the COVID-19 virus pandemic. The Government opposes. This matter was considered on an expedited basis.

## LAW AND ANALYSIS

Defendant requests compassionate release, alleging that if he contracts COVID-19, he is at high risk for complications because of his pre-existing health conditions. Specifically, Defendant is 43 years old and suffers from "a

1

heart murmur, glaucoma, arthritis (lower back) and three fractured disc[s] in his neck."[1]

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[2] Section 3582(c), as amended by the First Step Act, states in relevant part that:

> The court may not modify a term of imprisonment once it has been imposed except that-- (1) in any case-- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] Doc. 1429.
[2] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

The Sentencing Commission's policy statement regarding compassionate release sets forth what facts are considered "extraordinary and compelling." "Although historically sentence reductions could be ordered only upon a motion by the Director of the Bureau of Prisons, the First Step Act of 2018 amended the statute to additionally allow prisoners to petition the Court."[3] The Sentencing Commission's policy statements have not, however, been amended since the enactment of the First Step Act, "and consequently, a portion of the policy statement now squarely contradicts 18 U.S.C. § 3582(c)(1)(A) as amended."[4] In recognizing this discrepancy,

> [m]any courts have concluded that this discrepancy means that the Sentencing Commission does not have a policy position applicable to motions for compassionate release filed by defendants pursuant to the First Step Act. Accordingly, other district courts have found that they have discretion to determine what constitutes an "extraordinary and compelling reason[ ]" on a case by case basis, and reliance on the policy statement may be helpful, but not dispositive.[5]

The policy statement states that, provided a defendant is not a danger to the community, extraordinary and compelling reasons exist under the following circumstances:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[3] United States v. Perdigao, No. CR 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020).
[4] *Id.*
[5] *Id.*

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[6]

Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A), and therefore this Court has jurisdiction to consider this request. To succeed on a motion for compassionate release, Defendant must show extraordinary and compelling reasons. Defendant has not shown how his heart murmur, glaucoma, arthritis, or fractured discs constitute an extraordinary and compelling reason for release, especially when as of the date of this Order

---

[6] U.S.S.G. 1B1.13.

no inmates are currently positive for COVID-19 at the facility where he is housed.[7] The Centers for Disease Control ("CDC") has identified those that are 65 years and older or suffer from serious heart conditions, chronic lung disease, diabetes, obesity, liver or kidney disease, or immune disorders as at a higher risk for severe illness from COVID-19.[8] Defendant has not alleged that he suffers from any of these high-risk conditions. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.23."[9] Defendant has therefore failed to show an extraordinary and compelling reason for compassionate release.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED**.

New Orleans, Louisiana, on this 26th day of June, 2020.

---

[7] Federal Bureau of Prisons, *COVID-19 Coronavirus*, available at https://www.bop.gov/coronavirus/ (last visited June 25, 2020).

[8] Centers for Disease Control, *At Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 25, 2020).

[9] United States v. Clark, No. CR 17-85-SDD-RLB, 2020 WL 1557397, at *5 (M.D. La. Apr. 1, 2020); United States v. Martinez Hernandez, No. 3:19-CR-346-K, 2020 WL 1876102, at *3 (N.D. Tex. Apr. 14, 2020) ("[R]equests for release in light of the COVID-19 pandemic have been considered under the 'compelling reason' prong of § 3142(i). The growing number of jurisdictions using this approach have found that generalized COVID-19 fears and speculation are insufficient to meet this prong, and have instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." (internal citation omitted)) (and cases cited therein).

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**